# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| CARTRIDGE WORLD USA, LLC, a Nevada limited liability company; and CARTRIDGE WORLD AUSTRALIA PTY, LTD., an Australia corporation, | ) ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| HIS INK, LLC, a Wisconsin limited liability company; SHAWN NARESKI, a resident of the state of Wisconsin; and CORRINE NARESKI, a resident of the state of Wisconsin; | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

Case File No.: _____

**PLAINTIFFS CARTRIDGE WORLD USA, LLC AND CARTRIDGE WORLD AUSTRALIA PTY, LTD'S EMERGENCY MOTION TO CONFIRM FINAL EMERGENCY ARBITRATION AWARD**

_____

TO:     Defendants His Ink, LLC, Shawn Nareski, and Corrine Nareski, and their attorneys, Hirzel Dreyfuss & Dempsey, PLLC, 2333 Brickell Avenue, Suite A-1, Miami, Florida 33129.

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 9 and Local Rule 77.2, Plaintiffs Cartridge World USA, LLC and Cartridge World Australia PTY, LTD (collectively "Cartridge World") move for emergency confirmation of the Final Order In Request For Emergency Relief ("Emergency Order" or "Order") issued by the Honorable Michael Mason (Ret)[1] on January 10, 2022, in an arbitration administered by JAMS. Upon confirmation by this Court, the Emergency Order shall become and enforceable and final order of this Court.

The Emergency Order directs Defendants His Ink, LLC and it owners Shawn Nareski and Corrine Nareski (collectively "Defendants") to immediately cease: (1) operating their competing

_____

[1] Judge Mason previously served as a Magistrate Judge for the United States District Court for the Northern District of Illinois.

Printer World business in violation of the non-competition and non-solicitation in the parties' Unit Franchise Agreement ("UFA"); (2) using and infringing upon the Cartridge World® name and trademarks in the operation of their competing business; (3) using Cartridge World's confidential information in the operation of their competing business; and (4) violating the other post-termination obligations in the UFA. Cartridge World respectfully asks this Court to confirm the Emergency Order under the Federal Arbitration Act ("FAA") on an expedited emergency basis because Defendants have failed to comply with the Emergency Order, which is continuing to cause irreparable harm to Cartridge World.

Specifically, the Emergency Order, which is attached to the accompanying memorandum as Exhibit 1 to the Declaration of Craig Miller, prohibits Defendants from: (1) operating a competing business within 10 miles of any Cartridge World® store in Wisconsin for two years from the date of the Order; (2) accepting or soliciting business from any Cartridge World® customer for two years from the date of the Order; (3) disclosing or using Cartridge World's Confidential Information and Intellectual Property (as those terms are defined in the UFA) for a period of five years beginning May 27, 2021; and (4) holding themselves out as a former or current Cartridge World® franchisee. The Emergency Order also requires Defendants to immediately: (1) cease using the Cartridge World® name, trademarks, or service marks; (2) return all of Cartridge World's Confidential Information and Intellectual Property to Cartridge World USA, LLC; and (3) transfer to Cartridge World all telephone numbers, domain names, and internet sites used in the operation of their former Cartridge World® store. In support of this emergency motion to confirm the arbitrator's Emergency Order, Cartridge World submits a memorandum of law, the Declaration of Craig Miller (with exhibits), the Declaration of Rob Leonard (with exhibits A-L) submitted to the arbitrator, and a proposed order.

Emergency treatment of this motion is warranted for three reasons. First, as Judge Mason ruled, Cartridge World has "shown they are entitled to their Emergency Injunctive relief" and that "[i]f [Defendants] were allowed to continue their willful violations of the UFA, [Cartridge World] would suffer irreparable harm." (Emergency Order, at 4-5.) As part of the Emergency Order, Judge Mason noted that Defendants have "continued to violate the UFA and they continued to use [Cartridge World's] Marks, sell their products and hold themselves out to the public as a legitimate Cartridge World business." *Id.* Absent prompt emergency relief, Cartridge World will continue to be irreparably harmed by Defendants' continuing breaches of the UFA and ongoing use of Cartridge World's trademarks, Confidential Information, and Intellectual Property. Cartridge World will also lose its customers, and the goodwill that was built by the Cartridge World® name, trademarks and customer relationships, as well as the value of its Confidential Information built up over decades in the industry.

Second, expedited emergency treatment is needed to "give[] teeth to the arbitrator's interim award of equitable relief." *Johnson v. Dentsply Sirona Inc.*, No. 16-cv-520, 2017 WL 4295420, at *6–7 (N.D. Okla. Sept. 27, 2017). That is, judicial confirmation of the arbitrator's Emergency Order will have the force of a federal judgment and will provide Cartridge World with an enforcement mechanism, which is necessary because Defendants have refused to comply with the Order. *See* Emergency Order at 5; *see also* 9 U.S.C. § 13.

Third, the scope of review of an arbitral award, or final interim award for preliminary injunctive relief, is exceedingly narrow and the legal issues are straightforward. *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994) ("Judicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all."); *Yasuda Fire & Marine Insurance Company of Europe v. Continental Casualty Company,* 37 F.3d 345 (7th Cir.

3

1994) (confirming an interim arbitration award); *Johnson v. Dentsply Sirona Inc.*, No. 16-cv-0520, 2017 WL 4295420, at \*6–7 (N.D. Okla. Sept. 27, 2017) (confirming an interim arbitration award issuing a temporary injunction). Further, a full and fair consideration of the motion can be achieved on an expedited timeframe and before the remaining claims in the underlying arbitration are decided. *See Publicis Commc'n v. True N. Commc'ns, Inc.*, 206 F.3d 725, 729 (7th Cir. 2000)) ("A ruling on a discrete, time-sensitive issue may be final and ripe for confirmation even though other claims remain to be addressed by arbitrators.")

Accordingly, Cartridge World respectfully requests that the Court, confirm the arbitrator's Emergency Order on an emergency basis, making it an enforceable and final order of this Court.

DATED: January 28, 2022

**LATHROP GPM LLP**

By     */s/ Michael R. Gray*
Michael R. Gray (N.D. IL #90785222)
Craig P. Miller (MN Bar #26961X)
   *Applying for pro hac vice admission*
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone: 612.632.3078
Michael.Gray@lathropgpm.com
Craig.Miller@lathropgpm.com

**ATTORNEYS FOR PLAINTIFFS**

48163970v2

4